FELIPA R. RICHLAND, SBN 112458
**RICHLAND & ASSOCIATES**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, CA 90211
(323) 651-5951 - Telephone
(323) 651-1088 - Facsimile

Attorneys for Plaintiff,
GIANNI VERSACE, S.p.A.

FILED
CLERK, U.S. DISTRICT COURT

FEB - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**GIANNI VERSACE**, S.p.A., a Foreign Corporation,

　　　　　　　　　　　　Plaintiff,

-vs-

**ISMAEL SLEIMAN**, an Individual, **AHMAD SLEIMAN**, an Individual, **LADA JEANSWEAR**, **INC.**, a California Corporation, collectively *dba 2 Hermanos, 2 Hermanos Import, Dos Hermanos, Vigo Collection, Vigo Trading Co., Lexxus, Lada Sportswear, Inc., RN#110862, RN#86578 and RN#98709*, and DOES 1 through 10, Inclusive,

　　　　　　　　　　　　Defendants.

CASE NO.:CV 06 - 3485 DDP (PLAx)

**FINAL JUDGMENT UPON CONSENT; PERMANENT INJUNCTION; AND [PROPOSED] ORDER THEREON re**

1.　　**LADA JEANSWEAR**, Inc. *dba 2 Hermanos, 2 Hermanos Import, Dos Hermanos*

COMPLAINT FILED: JUNE 7, 2006

TRIAL DATE: JULY 22, 2008

　　　Plaintiff, GIANNI VERSACE, S.p.A., a Foreign Corporation ("VERSACE") and Defendant **LADA JEANSWEAR, Inc.**, a California Corporation, *dba 2 Hermanos, 2 Hermanos Import, Dos Hermanos*, hereby stipulate and consent to the following Consent Judgment:

　　　**WHEREAS**, the parties have agreed to the entry of the following findings of fact and conclusions of law finally disposing of Counts I, II, III and IV of the Complaint asserted by VERSACE, it is hereby ordered, adjudged and decreed that:

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

CONSENT JUDGMENT RE LADA　　　　　　　　　1 of 6

**WHEREAS**, LADA JEANSWEAR, Inc., a California Corporation, *dba 2 Hermanos, 2 Hermanos Import, Dos Hermanos*, adopted and began using trademarks in the United States which infringe or otherwise violate VERSACE's registered trademark(s) MEDUSA (the "VERSACE Trademarks") as identified in VERSACE's Amended Complaint and on registry with the USPTO;

**WHEREAS**, LADA JEANSWEAR, Inc.'s use of marks which incorporate one or more of the VERSACE Trademarks, is likely to cause confusion as to source or origin;

**WHEREAS**, LADA JEANSWEAR, Inc. sold and/or offered for sale merchandise bearing marks which incorporate one or more of the VERSACE Trademarks;

**WHEREAS**, LADA JEANSWEAR, Inc.'s use of marks which incorporate one or more of the VERSACE Trademarks, traded on the good will and reputation of VERSACE;

**WHEREAS**, based upon VERSACE's good faith prior use of the VERSACE Trademarks, VERSACE has superior and exclusive rights in and to the VERSACE Trademarks in the United States and any confusingly similar names or marks;

**WHEREAS**, VERSACE Trademarks registered, at issue in this matter, and on file with the United States Patent and Trademark Office are famous and distinctive; and

**WHEREAS**, this Court has jurisdiction over the party to this action and over the subject matter hereof pursuant to 15 USC 1121(a) and 28 USC 1331, 1338(a) and (b), and 28 USC 1367,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1.       Defendant LADA JEANSWEAR, Inc., *dba 2 Hermanos, 2 Hermanos Import, Dos Hermanos*, violated the Federal Lanham Act as alleged in Count I TRADEMARK INFRINGEMENT (15USC § 1114(1) and Count III TRADE DRESS INFRINGEMENT (15 USC §1125(a)).

2.       Defendant LADA JEANSWEAR, Inc., its parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under its direction and control or in active concert

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

CONSENT JUDGMENT RE LADA                    2 of 6

1  or participation with it, are immediately and permanently enjoined throughout the world

2  from directly or indirectly infringing, counterfeiting, or diluting the VERSACE Trademarks

3  or any marks similar thereto, as identified in Exhibit 1 of the 1ˢᵗ Amended Complaint and

4  on Registry with the United States Patent & Trademark Office at www.uspto.org, in any

5  manner, including generally, but not limited to manufacturing, importing, distributing,

6  advertising, selling, and/or offering for sale any merchandise which infringes said

7  trademarks and specifically from:

8    (A)   Imitating, copying or making unauthorized use of any or all of the

9          GIANNI VERSACE trademarks or trade dress;

10   (B)   Importing, manufacturing, producing, possessing, distributing,

11         circulating, advertising, promoting, displaying, selling, and/or offering

12         for sale, any non-genuine product bearing any simulation,

13         reproduction, counterfeit, copy, phonetically similar sounding words,

14         or colorable imitation or reproduces, or utilizes the likenesses of or

15         which copy or are likely to cause consumer confusion with any of the

16         VERSACE trademarks or trade dress;

17   (C)   Manufacturing, distributing, selling or offering for sale or in

18         connection thereto any unauthorized promotional materials, labels,

19         packaging or containers which picture, reproduce or utilize the

20         likenesses of, or which are likely to cause consumer confusion with

21         any of the VERSACE trademarks;

22   (D)   Using any false designation of origin, false description, including

23         words, symbols or any trademark, trade name, trade dress, logo or

24         design tending to falsely describe or represent, or is likely to confuse,

25         mislead, or deceive purchasers, Defendant's customers, or members

26         of the public, that unauthorized merchandise manufactured,

27         distributed, advertised, sold and/or offered for sale by Defendant

28         originate from VERSACE, or that said merchandise has been

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

CONSENT JUDGMENT RE LADA                    3 of 6

sponsored, authorized, endorsed, approved, licensed by, associated, or is in any way connected or affiliated with VERSACE;

(E)   Transferring, consigning, selling, shipping or otherwise moving any non-genuine VERSACE goods, packaging or other materials in the Defendant's possession, custody or control bearing a design, or mark substantially identical to or confusingly similar with or any or all of the GIANNI VERSACE trademarks or trade dress;

(F)   Diluting and infringing the VERSACE trademarks and damaging VERSACE's goodwill, reputation and businesses;

(G)   Otherwise unfairly competing (as defined under Cal. B&PC §17200) with GIANNI VERSACE, S.p.A., or its subsidiaries or affiliated companies;

(H)   Passing off or selling any products which are not entirely genuine VERSACE products as and for VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without the written permission of VERSACE;

(I)   Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of any or all of the GIANNI VERSACE trademarks, or confusingly similar mark, trade name, trade dress, logos or design;

(J)   Using the VERSACE trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referred to above; and

(K)   Instructing, assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

1      referred to above.

2      3.      The jurisdiction of this Court is retained for the purpose of making any further

3   orders necessary or proper for the construction or modification of the Settlement Agreement,

4   this Judgment, the enforcement thereof and the punishment of any violations thereof.

5      4.      Any party shall have the right to seek sanctions for contempt, compensatory

6   damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the

7   event of a violation or failure to comply with any of the provisions hereof. The prevailing

8   party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

9      5.   Judgment is rendered in favor of VERSACE and against LADA JEANSWEAR,

10   Inc., as to Count I TRADEMARK INFRINGEMENT (15USC § 1114(1)) and Count III

11   TRADE DRESS INFRINGEMENT (15 USC §1125(a)), subject to the terms of the

12   Settlement Agreement between the parties. All remaining counts against LADA

13   JEANSWEAR, Inc. are dismissed with prejudice. This Consent Judgment shall be

14   conclusive for purposes of collateral estoppel regarding all issues of liability that have been

15   or could have been brought on the same operative facts.

16      6.      The parties respective attorney's fees and costs incurred in connection with

17   this action shall be borne as per the agreement of the individual parties in their Settlement

18   Agreement.

19      7.      This Court will retain continuing jurisdiction over this cause to enforce the

20   terms of this Consent Judgment and the Settlement Agreement between the parties, and will

21   retain continuing jurisdiction over LADA JEANSWEAR, Inc., ISMAEL SLEIMAN, and

22   AHMAD SLEIMAN.

23      8.      All counterfeit and infringing VERSACE products currently in the possession,

24   custody or control of LADA JEANSWEAR, Inc., its parents, subsidiaries, related entities,

25   divisions, officers, owners, shareholders, employees, affiliates, servants, representatives,

26   agents, predecessors, assigns and successors in interest of any kind, and all persons, firms,

27   entities, or corporations under its direction and control or in active concert or participation

28   with it, shall be turned over to counsel for Plaintiff and destroyed under the direction of

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

CONSENT JUDGMENT RE LADA          5 of 6

1  VERSACE.

2      9.    Nothing in this Judgment shall be construed or deemed an admission by the

3  parties, nor is there a finding by this Court, that the conduct herein was intentional,

4  deliberate, willful, malicious or fraudulent.

5      10.    This Judgment shall be deemed to have been served upon Defendant at the

6  time of its execution by the Court.

7      **IT IS SO ORDERED.**

8  DATED: 2-6-09.

9

10                      UNITED STATES DISTRICT JUDGE

11  **APPROVED AS TO FORM AND CONTENT.**

12

13  DATED: September 25, 2008           LADA JEANSWEAR, Inc.*dba*

14                            *2 Hermanos, 2 Hermanos Import, Dos Hermanos*

15

16                          By:

17                          ISMAEL SLEIMAN, President/CEO

18

19  DATED: September 25, 2008           LAW OFFICES OF PHILIP N. ALEXANDER

20

21

22                      By:
                        PHILIP N. ALEXANDER, ESQ.,

23                          Attorneys for Defendants
                        ISMAEL SLEIMAN

24                          AHMAD SLEIMAN
                        LADA JEANSWEAR, Inc.

25

26  DATED: September __, 2008          RICHLAND & ASSOCIATES

27

28                      By:
                        Felipa R. Richland, Attorneys for Plaintiff
                        GIANNI VERSACE S.p.A.

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS